# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **ACCELERATED TECHNOLOGY SERVICES GROUP, LLC d/b/a CYTRANET**, an Alabama limited liability company, | * * * | **CASE NO.: 20-342** |
| Plaintiff, | * | |
| vs. | * | **(Formerly in the Circuit Court of Mobile County, Alabama; CV-2020-901202)** |
| **AT&T CORP.**, | * | |
| Defendant. | * * | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant AT&T Corp. (hereinafter "AT&T"), by and through its undersigned counsel, hereby removes this action from the Circuit Court of Mobile County, Alabama to the United States District Court for the Southern District of Alabama, Southern Division. In support of this Notice of Removal, AT&T states as follows:

### Procedural Posture

1.  Plaintiff filed its Complaint on June 3, 2020, in the Circuit Court of Mobile County, Alabama. (Complaint, attached as Exh. 1).

2.  Plaintiff's Complaint initially included a request for a Temporary Restraining Order (Count I), requests for Preliminary and Permanent Injunctions (Counts II and III), and a claim for Breach of Contract (Count IV). (Id.).

{B3530609}

3. On June 8, 2020, the Circuit Court of Mobile County entered the Temporary Restraining Order requested by the Plaintiff. (Temporary Restraining Order dated June 8, 2020, attached as Exh. 2).

4. AT&T was served via first-class mail to CT Corporation in Montgomery, Alabama on June 8, 2020. (Notice of Service, attached as Exh. 3).

5. On June 10, 2020, pursuant to a joint motion filed by the parties, the Mobile County Circuit Court withdrew the Temporary Restraining Order, and dismissed Plaintiff's claims for Preliminary and Permanent Injunctions (Counts II and III of Plaintiff's Complaint). The only claim remaining is Plaintiff's Breach of Contract claim (Count IV). (Order dated June 10, 2020, attached as Exh. 4).

6. Plaintiff's Breach of Contract claim arises out of AT&T's alleged breach of the Master Resale Agreement entered into between AT&T and Plaintiff. Plaintiff alleges that the Master Resale Agreement and the Payment Arrangement Agreement "control [the] business relationship" between Plaintiff and AT&T. (Exh. 1 at ¶¶ 32-33).

## Propriety of Removal

7. This action is removable pursuant to 28 U.S.C. § 1441(a) which states that removal is appropriate in "any civil action brought in a State court of which the district courts of the United States would have original jurisdiction[.]" 28 U.S.C. § 1441(a). The district courts of the United States have original jurisdiction over this matter under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties, and the amount in controversy exceeds the sum or value of Seventy-Five Thousand and No/100 Dollars ($75,000), exclusive of interest and costs. 28 U.S.C. § 1332(a).

8. The United States District Court for the Southern District of Alabama, Southern Division, encompasses the county in which the state court action is now pending, thus this Court is the proper venue for this action pursuant to 28 U.S.C. § 81(b)(3) and 28 U.S.C. § 1441(a).

9. Copies of all process, pleadings, and other papers served on or received by AT&T and the entire Circuit Court file for Mobile County, Alabama are attached hereto as Exhibit 5. The Circuit Clerk of Mobile County, Alabama has been notified of this removal.

10. Section 1446 of the U. S. Code governs the procedure for removal and provides that "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons …. to file [a] notice of removal." 28 U.S.C. §1446(b)(2)(B). AT&T was served on June 8, 2020; this Notice of Removal is filed within thirty (30) days of service of the Complaint. (Exh. 4).

11. Section 1446(c)(1) also states that a matter may not be removed under subsection (b)(3) on the basis of diversity jurisdiction more than one year after the commencement of the case. 28 U.S.C. § 1446(c)(1). Plaintiff's Complaint was filed on June 3, 2020. (Exh. 1). AT&T files this Notice of Removal within one year of the commencement of this action. (Id.) No previous application for removal has been made. (Exh. 5).

**The Complete Diversity Requirement has been satisfied.**

12. This action is removable pursuant to 28 U.S.C. § 1441. Removal is appropriate in that there exists complete diversity of citizenship between Plaintiff and AT&T. 28 U.S.C. § 1441.

13. In the Complaint, Plaintiff identifies itself as an Alabama limited liability company with its principal place of business in Mobile, Alabama. (Exh. 1 at ¶ 1). Douglas Roberts, who is a resident of Alabama, is the sole member of the limited liability company. (Secretary of State Detail, attached as Exh. 6). For the purpose of determining diversity, the citizenship of a limited liability company is the citizenship of each of its members. Alabama Power Co v. Calhoun Power Co., LLC, 2012 WL 6755061, *2 (N. D. Ala. Dec. 28, 2012), citing Rolling Greens, MHP, L.P. v. Comcast SCH Holdings, L.C.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Accordingly, at the time this suit was initiated, at the present time, and at all intervening times, Plaintiff was and is a citizen of the state of Alabama. (Id.).

14. AT&T Corp. is a New York corporation with its principal place of business in New Jersey. (Secretary of State Detail, attached hereto as Exh. 7). "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). Accordingly, for diversity purposes, AT&T is a citizen of the states of New York and New Jersey.

15. Thus, there is complete diversity between the parties.[1]

## **The Amount in Controversy Requirement has been satisfied.**

16. Section 1446 requires that the removing party establish that the amount in controversy exceeds $75,000.00 by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(B). See also Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1359-60 (11th Cir. 1996), *abrogated on other grounds* by Cohen v Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000), and Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010) ("a removing Defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it").

17. The U.S. Supreme Court has held:

> In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegations.

Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 135 S. Ct. 547, 554 (2014).

18. Although the Complaint does not set forth the amount in controversy, under the Payment Arrangement Agreement, which Plaintiff alleges "control[s] [the] business relationship" between Plaintiff and AT&T, Plaintiff acknowledges that it owes

---

[1] Should questions arise regarding the citizenship of the parties, AT&T respectfully requests that the Court allow AT&T to present additional evidence relating to the parties' citizenship.

$75,802.06 for services provided by AT&T to Plaintiff.[2]  The Payment Arrangement Agreement is attached as Exhibit B to the Plaintiff's Complaint (Exh. 1).  Furthermore, the Master Resale Agreement, which is attached as Exhibit A to Plaintiff's Complaint and on which Plaintiff alleges its claim is based, was valued at $191,532.86 as of June 10, 2020.  (Affidavit of Jeffrey Lentz, attached as Exh. 8).

19. The allegations of the Complaint, as well as the contracts on which Plaintiff's claim is based, which are attached to Plaintiff's Complaint, satisfy AT&T's burden of proof to show by a preponderance of the evidence that the amount in controversy in this matter meets federal jurisdictional requirements. Accordingly, this case is removable pursuant to 28 U.S.C. §§ 1332 and 1441.

## All Prerequisites for Removal Have Been Satisfied

20. As set forth above, this Notice of Removal has been filed within thirty (30) days of service on AT&T, and complete diversity of citizenship exists between the parties.  Moreover, Plaintiff's Complaint, as well as the Master Resale Agreement and Payment Arrangement Agreement attached to Plaintiff's Complaint, clearly establish that the amount in controversy exceeds Seventy-Five Thousand and No/100 ($75,000) Dollars, exclusive of interest and costs.

21. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

22. A copy of this Notice of Removal is being served on Plaintiff and filed with the Circuit Court of Mobile County, Alabama.

---

[2] To date, Plaintiff has not paid any of the $75,802.06 owed to AT&T under the Payment Arrangement Agreement and the Master Resale Agreement.  (Exh. 8).

6

23. If any question arises as to the propriety of the removal of this action, AT&T requests the opportunity to present a brief and/or oral argument in support of its position that this case is removable.

WHEREFORE, AT&T, desiring to remove this case to the United States District Court for the Southern District of Alabama, Southern Division, being the district and division of said Court for the county in which said action is pending, prays that the filing of this Notice of Removal with the Clerk of the Circuit Court of Mobile County, Alabama shall affect a removal of said suit to this Court.

>*/s/ M. Warren Butler*
> M. WARREN BUTLER (BUTLM3190)
> BONNIE BRANUM MINOPOLI (MINOB0459)
> Attorneys for Defendant AT&T Corp.
> Starnes Davis Florie LLP
> 11 North Water Street, Suite 20290
> Mobile, AL  36602
> Phone:  (251) 433-6049
> Fax:  (251) 433-5901
> mwb@starneslaw.com
> bbm@starneslaw.com

CERTIFICATE OF SERVICE

      I certify that I have served a copy of the foregoing on the following parties or attorneys of record by filing same with the Clerk of Court via CM/ECF, AlaFile or by U. S. MAIL, postage prepaid, this the 2nd day of July, 2020:

John C. S. Pierce, Esq.
Juan Ortega, Esq.
Sirote & Permutt, PC
One St. Louis Centre, Ste. 1000
Mobile, AL 36602

                                */s/ M. Warren Butler*
                                M. WARREN BUTLER (BUTLM3190)