IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ACCELERATED TECHNOLOGY SERVICES GROUP, LLC, etc., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 20-0342-WS-MU ) |
| AT&T CORP., | ) ) |
| Defendant. | ) |

**ORDER**

This removed action is before the Court on its *sua sponte* review of its subject matter jurisdiction. By previous order, the Court questioned both the existence of complete diversity and the amount in controversy, and it provided the defendant an opportunity to rectify the deficiency. (Doc. 6). The defendant has responded. (Doc. 8).[1] The defendant's supplement adequately reflects the existence of complete diversity, but it does not demonstrate by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs.

According to the complaint, (Doc. 1-2), the parties entered a contract ("the MRA"), pursuant to which the plaintiff provided the defendant's network services to the plaintiff's customers. (*Id*. at 2). The defendant purported to terminate the MRA based on asserted breaches by the plaintiff. (*Id*. at 3). The plaintiff denies any breaches of the MRA that would justify its termination. (*Id*. at 4-5). Three claims for injunctive relief were dismissed prior to removal. (Doc. 1 at 2). At the time of removal, the only claim remaining was for breach of contract, which alleges the defendant breached the MRA by terminating it without cause. (Doc. 1-2 at 7).

---

[1] The defendant's motion for leave to file under seal, (Doc. 9), is **granted**.

The complaint does not demand a sum certain. Instead, it alleges that the amount in controversy exceeds $10,000, exclusive of interest and costs. (Doc. 1-2 at 1). The elements of damage arising from the alleged breach of contract "includ[e], but [are] not limited to, lost profits and the costs of this action." (*Id*. at 7). The prayer for relief seeks "all general, compensatory, economic, statutory, exemplary, punitive or any other damages to which [the plaintiff] may be entitled." (*Id*. at 8).

In its notice of removal, the defendant argued that the amount in controversy more likely than not exceeds $75,000 because the plaintiff owes the defendant over $190,000 under the MRA (and over $75,000 on another contract ("the PAA")). (Doc. 1 at 5-6; Doc. 1-9 at 2). The Court, however, pointed out that the relief sought in the complaint is not a cancellation of any debt the plaintiff may have under the MRA or PAA; instead, the complaint demands an affirmative recovery of damages caused by the defendant's termination of the MRA. (Doc. 6 at 2-3).

In its supplement, the defendant notes that the plaintiff seeks recovery of "lost profits," and it concludes without explanation that the monies the plaintiff owes to the defendant are included within that term. (Doc. 8 at 6). The amounts the plaintiff may owe the defendant, however, are not "profits" at all, but are instead expenses incurred in generating profit.[2] Had the plaintiff sued for lost gross income (which presumably covers the plaintiff's expenses), the defendant might have a point, but the plaintiff did not do so.[3]

Without citation to authority, the defendant requests an opportunity to engage in "jurisdictional discovery" regarding the amount in controversy, (Doc. 8 at 6), and it submits proposed requests for admission designed to force the plaintiff to take a stand as to its claimed and recoverable damages. (Doc. 8-2). This is not permitted.

"The defendants' request for discovery is tantamount to an admission that the defendants do not have a factual basis for believing that jurisdiction exists. The natural

---

[2] Black's Law Dictionary 1329 (9th ed. 2009) (defining "profit" as "[t]he excess of revenues over expenditures in a business transaction").

[3] The defendant makes no argument that the general prayer for relief seeks additional sums, and the Court will advance no such argument on its behalf.

consequence of such an admission is remand to state court." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1217-18 (11th Cir. 2007). "Post-removal discovery … impermissibly lightens the defendant's burden of establishing jurisdiction. …. The proper course is remand." *Id*. at 1218; *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 776 (11th Cir. 2010) (en banc) (Pryor, J., concurring) (*Lowery*'s conclusion "that jurisdictional discovery is unavailable to prove the amount in controversy" is a "holding"). Thus, as this Court has stated, "post-removal discovery in order to establish the amount in controversy is impermissible." *Beasley v. Fred's Inc.*, 2008 WL 899249 at *2 (S.D. Ala. 2008).

For the reasons set forth above and in the Court's previous order, this action is **remanded** to the Circuit Court of Mobile County for lack of subject matter jurisdiction.

DONE and ORDERED this 16th day of July, 2020.

                                       s/ WILLIAM H. STEELE
                                       UNITED STATES DISTRICT JUDGE